UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEWAYNE ROY WILSON #07731-084

                Plaintiff(s)

vs.

Unit Manager J. BOLT
Unit Manager M. RIVERA
Counsler K. Hayes ET. AL   Defendant(s)

BIVENS ACTION

Civil Case No.: 6:

9:18-CV-416

FILED APR -5 2018 AT ___ O'CLOCK Lawrence K. Baerman, Clerk - Syracuse

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

## PARTIES

2.   a.   Plaintiff: DEWAYNE ROY WILSON #07731-084

           Address: FCI RAYBROOK, PO BOX 900
                     RAYBROOK, NY 12977

Additional Plaintiffs may be added on a separate sheet of paper.

3.   a.   Defendant: J. BOLT
          Official Position: UNIT MANAGER

          Address: P O Box 300
                   Raybrook, NY 12977

b.     Defendant: **M. RIVERA**
       Official Position: **UNIT MANAGER**

       Address: **PO BOX 300**
                       **Raybrook, NY 12977**

c.     Defendant: **K. HAYES**
       Official Position: **Correctional Counsler**

       Address: **PO Box 300**
                       **Raybrook, NY 12977**

Additional Defendants may be added on a separate sheet of paper.

4.                  **PLACE OF PRESENT CONFINEMENT**

   a.    Is there a prisoner grievance procedure at this facility?
        (✓) Yes        ( ) No

   b.    If your answer to 4(a) is YES, did you present the facts relating to your complaint in this grievance program?
        (✓) Yes        ( ) No

        If your answer to 4(b) is YES:

      (i)    What steps did you take?
             **I filed for Informal Resolution, appealed that response by submitting a BP-9 to the Warden**

      (ii)    What was the **final** result of your grievance?
             **My request for Administrative remedy was granted.**

Form E (2) (e) . 2

If your answer to 4(b) is NO:

Why did you choose to not present the facts relating to your complaint in the prison's grievance program?

_N/A_

c. If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

( ) Yes ( ) No

If your answer to 4(c) is YES:

(i) What steps did you take?

_N/A_

(ii) What was the **final** result regarding your complaint?

_N/A_

If your answer to 4(c) is NO:

Why did you choose to not complain about the facts relating to your complaint in such prison?

_N/A_

5. **PREVIOUS LAWSUITS**

a. Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?

( ) Yes (✓) No

b. If your answer to 5(a) is YES you must describe any and all lawsuits, currently pending or closed, in the space provided on the next page.

Form E (2) (a) . 3

For **EACH** such lawsuit, provide the following information:

    i.    Parties to previous lawsuit:

Plaintiffs:

N/A

Defendants:

N/A

    ii.    Court (if federal court, name District; if state court, name County:

    iii.    Docket number: N/A

    iv.    Name of Judge to whom case was assigned:

N/A

    v.    Disposition (dismissed? on appeal? still pending?)

N/A

    vi.    Approximate date of filing prior lawsuit:

N/A

    vii.    Approximate date of disposition:

N/A

6. **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note:** You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint. (You may use additional sheets as necessary.)

On or about May 16, 2016, while housed inside of the Special Housing Unit, I had filed an Administrative Remedy in regards to my Inmate Financial Responsibility payments and the collection of monies thereof. While Housed in the S.H.U. Officer Susice handed me the response to my BP 8½, from then Unit Manager J. Bolt. The Response was backdated and untimely the day that I recieved it. See, Administrative Remedy 917003-F1, ~~~~~~~~~~~ In his response Mr. Bolt stated that my correctional counsler, Mr. Miller, at that

Form E (2) (e) . 4

point in time, would be getting with me to "correct my contract." see, also exhibit (A) That FRP contract was not corrected at that point in time. On or about June 7, 2016, the Associate Warden responded to an email "Request to Staff" in which inmate Wilson complained of threats in the form of Retaliation by officer Warner, the officer who had written an previous incident report against Wilson. The Associate Warden disregarded this complaint. see, attached

7.
## CAUSES OF ACTION
Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

Defendants commited acts of retaliation on or about March 2, 2018, to prevent the plaintiff from engaging in an activity protected by the U.S. Constitution's First Amendment. Here, Wilson was retaliated against for exercising specific Constitutional rights. Wilson has suffered from an adverse action in regards to collection of his Court Fines and the Judge's order thereof. Thus violating 18. USC. 3572(d)(3)

### SECOND CAUSE OF ACTION

Plaintiff can demonstrate that his administrative remedies were purposely delayed, thus 'not' available to him for a significant time period. Staff denied wrongdoing and claimed Wilson did not have any evidence of "substance." In this action Wilson has infact attached evidence that proves that his First Amendment rights were infringed upon by the defendants. As a result Wilson suffers from irreparable injury

### THIRD CAUSE OF ACTION

Program statement 5251.06 and CFR 545.26 governs inmate performance pay. Regardless of any contract entered between B.O.P staff and a inmate, it is the terms of the Sentencing Judge which is controlling. The Sentencing Judge set a 'provision' specifically for Wilson's needs at the time of sentencing. Mr. Rivera and Counsler Hayes violated the Judge's order, 'removed' additional funds 'from Wilson's account violating Due-process'.

exhibit A (1) of Bivens action. In his response, the Associate Warden alleged that there had been no evidence to support Wilson's retaliation claim. Contrary to that assertion Wilson relies on additional facts and events set forth in this Bivens action. Collectively, members of Wilson's unit team have worked diligently to deprive Wilson of his right to petition the government for redress of grievances. Thus thwarting the Administrative remedy process altogether. An example of this type of behavior is demonstrated in a email dated July 6, 2016, from Case Manager Coordinator Ms. Kirkby. Wilson's unit team, under the direction of Unit Manager Bolt, had previously provided Wilson with a tracking number to a non-existent Administrative remedy filed. At least Wilson had assumed it had been filed. see, exhibit (B)(1). This and numerous other misdeeds on the behalf of Unit Manager Bolt and his colleagues are violative of Wilson's Individual due process rights. On or about August 23, 2016, at approximately 2:49 pm, Wilson was directed to report to the Lieutenant's Office by Education staff. Unit Manager Bolt was present in the Lieutenant's office where he informed Wilson that he was being transferred to a higher Security prison based on his custody points. see, exhibit(C)(1). At that point Wilson was placed into the Special Housing Unit, where he was then released two days later and returned to general population at FCI Raybrook. Mr. Bolt used the Special Housing Unit and the threat thereof, to deter Wilson from filing future grievances. On or about August 31, 2016, Wilson notified the Psychology Supervisor Dr. Meisner about the Civil Rights Violations that occurred at the hands of Mr. Bolt. see, exhibit(D)(1). On or about November 16, 2016, in regards to Administrative remedy 882854-F1, Wilson had received a rejection notice stating that he had submitted another untimely filing, which was not the case. see, exhibit(E)(1). On or about November 24, 2016, at approximately 2:39 pm, Wilson attempted to contact Dr. Meisner in regards to Violation of Civil rights and a rejection

Form E(2)(e). 5(a)

notice regarding 882849-F1; to no avail. Dr. Meisner had not responded to that particular electronic request to staff; after being put on notice about the Constitutional/civil rights violations previously committed by Mr. Bolt. See, attached Exhibit(F)(1). On or about December 13, 2016, the Warden responded to a letter Wilson mailed to the Attorney General. In Warden Breckon's response he stated that "there is no evidence suggesting staff are obstructing your access to the program, nor did you provide any of substance" see, exhibit(G)(1). That statement will be rebutted by the facts demonstrated in this action. On or about January 19, 2018, Unit Manager Rivera sent a Memorandum to Warden Fernandez explaining how he had allegedly "misplaced" and "found" Wilson's Administrative remedy that he had submitted. see, exhibit(H)(1). The Administrative remedy that Unit Manager Rivera is referring to in his memorandum to Warden Fernandez happens to be against Unit Manager Bolt, pertaining to remedy ID number 928384-F1. Mr. Rivera further stated in regards to his own error that "this should be taken into account when weighing whether or not to proceed with the Administrative remedy process." see, also exhibit(H)(1). This Simply is not Law or Bureau of prisons policy. Wilson's Constitutional Rights cannot be tallied by the negligence of Mr. Rivera.

In fact Mr. Rivera failed to properly process that particular Administrative remedy according to the Case Manager Coordinator, and Administrative remedy clerk. On or about March 8, 2018, Wilson sent an email to the Case Manager Coordinator to inquire about remedy ID # 928384-F1. The response provided indicated that Mr. Rivera had not resubmitted the informal resolution attachment with his January 19, 2018, Memorandum. see, exhibit(I)(1). Simply put FCI Raybrook staff members have continuously violated Wilson's First Amendment right to petition the government for redress of grievances. Moreover, staff's actions have violated Wilson's fifth and fourteenth Amendment right to due process.

Form E (2)(e).5(b)

On or about September 8, 2017, Wilson realized that his Inmate performance payroll amounted to a mere $19.20. Counsler Hayes is responsible for inmate payroll on the Deleware Unit where Wilson resides, therefore he was notified of Wilson's contract in regards to FRP and the Sentencing Judge's order explaining exactly how payments were to be collected. The judges order specifically states payments are to be made in "installments of $25, or 50% of the defendant's income, whichever is less." see, exhibit(A) of Administrative remedy (917003-F1). Wilson explained the judge's intentions to Counsler Hayes, to no avail. Under program statement 5251.06 and C.F.R. 545.26, Counsler Hayes is responsible for Inmate Work and performance pay. Counsler Hayes had not paid Wilson $25.00, he'd only paid him $19.20. Therefore, Counsler Hayes was suppose to take only the 50% of $19.20 that he was authorized to do. Rather Counsler Hayes had removed an additional $5.80 from Wilson's trust fund account contrary to the Judges order. see, exhibit(D) of Administrative remedy (917003-F1).

Wilson brought this error to the the attention of Counsler Hayes and the funds were never returned to Wilson's inmate trust fund account. For clarity on exactly what the Sentencing Judge had intended in the schedule of payments issued to Wilson, inmate Wilson decided to write the Sentencing Court on or about September 11, 2017. The court construed Wilson's letter as a motion for modification. Regardless of that fact the Sentencing Judge clarified his intentions by stating "Moreover, the provision that the defendant pay 50% of his prison income, if that amount is less than $25.00, accounts for potential changes in the defendant's employment status and salary amount while incarcerated. When an inmate is not receiving a prison income, the provision does not require any payment. The court is convinced that this provision sufficiently addresses the defendant's concerns"

Form E (2)(e).5 (c)

see, exhibit(J)(1). Counsler Hayes and his counterparts such as Unit Manager Rivera, totally disregarded the Sentencing Judge's intentions and order. An order which provided absolute clarity of the Judge's intentions at the time of sentencing. Resulting in a direct violation of Wilson's right to due process under the fifth and fourteenth amendment of the United States Constitution. On or about October 23, 2017, Wilson's Administrative remedy on this particular issue was suprisingly processed and granted for some reason. See, Bivens action Exhibit(K)(1). As a result a new contract was entered into the sentry by unit team members, under the direction of Unit Manager Rivera. On or about March 2, 2018, Wilson received inmate performance pay in the amount of $17.00 from Counsler Hayes. Despite this shortage in performance pay, Counsler Hayes disregarded the Judge's Order for the second time, making it all the more obvious that this was some form of Retaliation. See, inmate payroll document exhibit(L)(1). Despite the order from the Court and Administrative remedy decision rendered, Counsler Hayes removed $8.00 of Wilson's personal funds from his trust fund account for fines. This action by Unit Manager Rivera and Counsler Hayes was performed to deter Wilson from exercising his Constitutional Rights. To add insult to injury, Wilson has been faced with the retaliatory measures of Bureau of prisons officials for more than 2 years with the latest incident occurring March 2, 2018. Clearly, Wilson had an expectation of finality in his sentence, and money should not have been removed from his trust fund account. Defendants violated Bureau of prisons policy by ignoring the B.O.P. Central office's mandate. Furthermore "over payment" was not voluntary as the National Inmate Appeals Administrator suggests in his January 29, 2018 response. See, Exhibit(M)(1).

Form E (2) (e). 5 (d)

8. Plaintiff(s) demand(s) a trial by

(Jury) -or- Court

(Circle only one).

9. PRAYER FOR RELIEF

WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:

an order seeking Injunction, declaratory relief on record setting forth any and all terms related to collection of fine monies through the Bureau of Prison's FRP program. Compensatory damages of $25,000 dollars for each defendant. Punitive damages in the amount of $30,000 dollars for each defendant, and any other relief the Court deems necessary.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 2, 2018

*Dewayne R Wilson*
Signature of Plaintiff(s)
(all Plaintiffs must sign)

Form E (2) (e) . 6

## CERTIFICATE OF SERVICE

I hereby certify, that I, did place the enclosed Biven's action and supporting documents and exhibits in the U.S. postal Service's mailing system with first class postage on this __2nd__ day of __April__, 2018, addressed to the following parties: (True and correct 28 USC §1746)

CLERK OF COURT
U.S. District Court, Northern District of NY
100 S. Clinton Street
P O BOX 7367
Syracuse, NY. 13261-7367

Mr. J BOLT
PO Box 300
Raybrook, NY. 12977

Mr. M. Rivera
PO Box 300
Raybrook, NY 12977

Mr. K Hayes
PO Box 300
Raybrook, NY 12977

Respectfully Submitted

*Dewayne Roy Wilson*
DEWAYNE ROY WILSON
FCI RAYBROOK
PO Box 900
Raybrook, NY 12977