UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEWAYNE ROY WILSON,

        Plaintiff,

 -v-           9:18-CV-416
             (DNH/TWD)

J. BOLT, Unit Manager and K. HAYES,
Correctional Counselor,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

DEWAYNE ROY WILSON
Plaintiff pro se
07731-084
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. GRANT C. JAQUITH      MARY E. LANGAN, ESQ.
United States Attorney for the     Ass't United States Attorney
 Northern District of New York
100 South Clinton Street
Room 900
Syracuse, NY 13261

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

   Pro se plaintiff Dewayne Roy Wilson ("plaintiff" or "Wilson") brought this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). Currently, only claims against defendants J. Bolt, Unit

Manager ("Bolt") and K. Hayes, Correctional Counselor ("Hayes") (collectively "defendants") remain.

On May 28, 2019, Magistrate Judge Thérèse Wiley Dancks advised by Report-Recommendation that defendant Bolt's Rule 12(b)(6) motion to dismiss for failure to state a claim be granted.  Plaintiff timely filed objections to the Report-Recommendation.  Currently also pending are various other motions by Wilson, including:  (1) a motion for clerk's entry of default and default judgment against defendant Bolt, ECF No. 33; (2) a request for leave to file an amended complaint, ECF No. 40; (3) a motion for reconsideration of the June 6, 2018 Decision and Order, ECF No. 42 and (4) a letter motion requesting to amend the docket to reflect plaintiff's name change.

First, based upon a de novo review of the portions of the Report-Recommendation to which Wilson objected, the Report-Recommendation is accepted and adopted in all respects.  See 28 U.S.C. § 636(b)(1).  Accordingly, defendant Bolt's Rule 12(b)(6) motion to dismiss for failure to state a Bivens claim will be granted.  As this is the only remaining claim against defendant Bolt, the Complaint will be dismissed with prejudice as against him.

With respect to the remaining motions:

### 1. Motion for entry of default and default judgment, ECF No. 33

Shortly before defendant Bolt moved to dismiss the Complaint against him, plaintiff filed a motion seeking a clerk's entry of default and default judgment against Bolt.  In light of the adoption of the Report-Recommendation and the granting of Bolt's motion to dismiss and the dismissal of the Complaint as against him, Wilson's motion for an entry of default and a default judgment will be denied as moot.

### 2. **Motion for leave to amend**, ECF No. 40

In plaintiff's motion to amend, he states that Unit Manager Mark Rivera was previously dismissed as a defendant "on grounds inconsistent with current Federal Law. Since the original filing on April 5, 2018, there are questions of law and additional facts concerning Mr. Rivera's conduct, and further violation of Constitutional rights of the plaintiff." ECF No. 40. Wilson's motion for leave to amend will be denied for the same reasons his previous request to amend was denied. See Decision and Order, August 16, 2018, ECF No. 27. Plaintiff has failed to accompany his motion with a proposed pleading. Though pro se, he is still required to comply with the Local Rules for the Northern District of New York and the Federal Rules of Civil Procedure. Accordingly, Wilson's motion for leave to amend will be denied.

### 3. **Motion for reconsideration**, ECF No. 42

Plaintiff moves for reconsideration of the June 6, 2018 Decision and Order, ECF No. 8, dismissing the "First-Amendment right to petition claims against then Defendant Unit Manager Mark Rivera." ECF No. 42. That decision found "there is no underlying constitutional obligation to afford an inmate meaningful access to the internal grievance procedure, or to investigate and properly determine any such grievance." ECF No. 8, 9–10. Accordingly, Wilson's claims related to the grievance process at FCI Raybrook were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Id. 10.

Local Rule 7.1(g) governs motions for reconsideration and provides that "[u]nless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment,

order, or decree." The order plaintiff moves for reconsideration of was filed on June 6, 2018. He moved for reconsideration over nine months later on March 7, 2019. To say Wilson's motion is untimely would be an understatement. His request for reconsideration will therefore be denied.

### 4. **Name change request**, ECF No. 44

Wilson filed a letter motion requesting to amend the docket to reflect his legal name change since this civil action was filed. He has submitted a "Final Judgment" from the Superior Court Of New Jersey Law Division which appears to change his legal name from "Dewayne Roy Wilson" to "Sulaiman Abu Shahid." ECF No. 44. Accordingly, his request will be granted and the Clerk is directed to change the docket to reflect plaintiff's legal name change.

### 5. **Defendant Hayes**

Although the pending 12(b)(6) motion to dismiss has been made on behalf of defendant Bolt alone, it is proper to consider whether plaintiff's Bivens claim may proceed against co-defendant Hayes or it fails for the same reason it may not be maintained against Bolt.

First, a word about service on defendant Hayes. On June 6, 2018, a summons was issued to both defendants. ECF No. 9. On June 14, 2018, Federal Correctional Institution ("FCI") Ray Brook advised the Court that Hayes was no longer employed at FCI Ray Brook. ECF No. 10. An acknowledgment of service was thereafter filed for defendant Bolt. ECF No. 11. On July 20, 2018, a summons was returned unexecuted as to Hayes. ECF No. 15. On July 26, 2018, plaintiff requested a new USM 285 form so that the U.S. Marshal could re-attempt service on Hayes, who recently retired from FCI Ray Brook. ECF No. 17. In the

alternative, he requested that a subpoena be issued for Hayes based on the ground that he no longer worked at FCI Ray Brook. Id. On August 1, 2018, plaintiff requested, among other things, the issuance of a subpoena for Hayes as he was unable to be served at FCI Ray Brook. ECF No. 21.

On August 9, 2018, Mary E. Langan, Esq. of the United States Attorney's Office filed a Notice of Appearance on behalf of both defendants Bolt and Hayes. Dkt. No. 22. On August 14, 2018, Magistrate Judge Dancks noted that service was not complete on the defendants. ECF No. 25. On August 15, 2018, a summons was re-issued as to defendant Hayes. ECF No. 26. On August 16, 2018, Magistrate Judge Dancks denied plaintiff's motion for service as moot on the basis that the Clerk had re-issued a summons for Hayes the prior day and forwarded the same to the U.S. Marshal who would re-attempt service. Decision and Order, August 16, 2018, ECF No. 27. On September 5, 2018, an acknowledgment of service was filed for defendant Hayes.[1] ECF No. 30.

On October 15, 2018, defendant Bolt filed a motion to dismiss. In the accompanying memorandum of law, defense counsel stated: "While a summons issued as to defendant Hayes, as of the filing of this motion he has not yet been served. As such, this motion is filed only on behalf of Defendant Jeffrey Bolt, the sole Defendant for whom service has been made." ECF No. 34–1, 1 n.1. In defense counsel's declaration in support of the motion to dismiss, she notes "I represent the Defendants in the above-captioned action." Langan Decl., ECF No. 34–9, ¶ 1.

---

[1] The acknowledgment of service indicates that "J. Bolt IRC" at "FCI Ray Brook" accepted service on behalf of "K. Hayes." Defendants have not challenged this document.

The present issue is whether, despite the fact that the motion to dismiss was made on behalf of only defendant Bolt, the undersigned may nevertheless *sua sponte* consider the merits of plaintiff's sole remaining claim against defendant Hayes. "[A]n objection to proper service can be waived by appearing in the proceeding and submitting to the court's jurisdiction." Bisesto v. Uher, No. 19-CV-1678, 2019 WL 2537452, at *2 (S.D.N.Y. June 20, 2019) (citing Nicola v. Board of Assessors of Town of North Elba, 46 A.D.3d 1161 (N.Y. App. Div. 3d Dep't Dec. 20, 2007) (holding that an objection to service can be waived simply by appearing in the proceeding and submitting to the court's jurisdiction and an appearance can be effected by serving an answer or a notice of appearance)).

In this case, Assistant United States Attorney Langan filed a notice of appearance on August 9, 2018 on behalf of both defendants. She also reiterated her representation of both defendants in her October 15, 2018 declaration. Accordingly, any issue regarding lack of proper service on defendant Hayes has been waived.

Following initial review of plaintiff's Complaint, only First Amendment retaliation claims against defendants Bolt and Hayes remained. With respect to Hayes, plaintiff claims that he improperly collected his court fees and fines in retaliation for filing Requests for Administrative Remedies and motions with the Court to modify his payment schedule. Decision and Order, June 6, 2018, 13. Though this claim survived initial review, it ultimately fails for the same reasons that plaintiff's First Amendment retaliation claim fails against defendant Bolt.

As Magistrate Judge Dancks thoroughly discussed in her Report-Recommendation, the Supreme Court has never recognized a First Amendment right to be free from retaliation as a cognizable Bivens claim. See, e.g., Reichle v. Howards, 566 U.S.

658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). Though based on different allegedly retaliatory conduct, plaintiff's claims against both defendants are made pursuant to Bivens and allege First Amendment retaliation. As Magistrate Judge Dancks concluded, Bivens is not available for a First Amendment retaliation claim under the facts of this case. Report-Recommendation 16. Accordingly, sua sponte review of the Bivens claim against defendant Hayes requires that it be dismissed for failure to state a claim. As this is the only remaining claim against defendant Hayes, the Complaint will be dismissed with prejudice as against him.

Therefore, it is

ORDERED that

1. Defendant J. Bolt's Rule 12(b)(6) motion to dismiss is GRANTED;

2. Plaintiff's Complaint is DISMISSED WITH PREJUDICE against defendant J. Bolt;

3. Plaintiff's motion for a clerk's entry of default and default judgment against defendant J. Bolt, ECF No. 33, is DENIED as moot;

4. Plaintiff's motion for leave to amend, ECF No. 40, is DENIED;

5. Plaintiff's motion for reconsideration, ECF No. 42, is DENIED;

6. Plaintiff's motion for a name change, ECF No. 44, is GRANTED and the Clerk is directed to amend the docket to reflect plaintiff's legal name change to "Sulaiman Abu Shahid";

7. The Complaint is sua sponte DISMISSED WITH PREJUDICE as against defendant K. Hayes; and

8. The Clerk is directed to enter judgment accordingly dismissing the Complaint in its entirety and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 6, 2019
       Utica, New York.